REQUESTED BY: Dear Senator Kremer:
You have asked for our opinion on several questions relating to the taxing authority of natural resources districts under section 46-673 as it is limited by the Political Subdivision Budget Limit Act, sections 77-3412, et seq., R.S.Supp., 1979.
As you point out, the Political Subdivision Budget Limit Act places a ceiling on the budget which may be adopted by local governing bodies. One section of the act provides in part:
 "Any political subdivision that is authorized by state law to levy a tax or cause a tax to be levied, which tax or portion thereof is in addition to the tax such political subdivision is authorized to levy or cause to be levied on May 17, 1979, shall not include as a receipt from local tax sources the anticipated receipts from such newly authorized levy during the first fiscal year for which such newly authorized levy generates tax receipts, . . ." (Section 77-3426.)
In your letter you describe a situation involving a natural resources district. The district, pursuant to sections 46-656
to 46-674, established a control area on January 1, 1979. The district did not levy a tax under section 46-673. In your letter you indicate that LB 887 has been introduced to avoid the prohibition of section 77-3426. You ask if LB 887 will achieve this result.
Section 46-673, R.S.Supp., 1979, provides:
 "Each district encompassed in whole or in part by a control area designated pursuant to section 46-658 shall have the power and authority to levy a tax not to exceed one-fourth of one mill annually on all of the taxable property within the portion of the district encompassed by such control area. Such levy, which shall be in addition to that authorized by section 2-3225, shall be utilized only for the costs of carrying out the provisions of sections 46-656 to 46-674, within such control area. Certification and collection of such levy shall be administered by the district and by the county or counties involved in the same manner as the levy authorized by section 2-3225."
LB 887 provides:
 "Any control area created pursuant to sections 46-656 to 46-674, Reissue Revised Statutes of Nebraska, 1943, and amendments thereto, after December 31, 1978, shall for the first year in which funds are received from taxes imposed or levied be considered a new program for purposes of subdivision (2) of section 77-3424, Revised Statutes Supplement, 1979."
As an initial matter we should point out that at least in those natural resources districts where no control area is currently designated nor any tax currently levied for the purposes of the control area statutes, it is our opinion that the levy authorized by section 46-673 would be authorized under section 77-3426 as being a new levy. The natural resources district does not have the power or the authority under state law to levy the one-quarter mill authorized under section 46-673 until a control area has been designated.
The question of the district described above is when the authority to levy the tax arose. Arguably, the express terms of section 77-3426 could be construed to exclude the authority to levy the tax under consideration since the statute authorizing the tax to be levied could be argued to have become effective upon the date the natural resources district designated the control area. However, we believe that a better reasoned argument is that the authority to levy the tax under section 46-673 does not arise until the normal levy date which would have been in September of 1979. This analysis recognizes the fact that a levy may only be made by a political subdivision as provided by statute. No levy could have been made until the date provided by statute following the designation of the control area. That time fell after May 17. Therefore, we believe that the natural resources district to which you point would have been authorized to levy the one-quarter mill and exclude it from the calculations of the 7 percent lid.
This is in contradistinction to the opinion of this office, No. 167, October 31, 1979, to Senator Cullan in which we indicated that the levy authorized for ambulance services under section 35-514.02 would be within the limitations of the Political Subdivision Budget Limit Act. In that situation the authority to levy the tax had existed at all times. It simply required affirmative action on the part of the particular political subdivision to levy the tax. No other act was required. In the present situation another act is required; that is the creation of a control area. Absent such action, the specific tax here under consideration could not be levied.
The adoption of LB 887 would, of course, resolve any doubt about the opinion we have expressed above. It would authorize natural resources districts, after having taken the proper steps, to levy the one-quarter mill authorized by section 46-673.
In your remaining questions you ask whether a natural resources district could levy the one-quarter mill tax if they would not exceed the 7 percent limit; or if they could levy a part of the one-quarter mill authorized which would not exceed a 7 percent increase. The limitations of sections 77-3412, et seq., R.S.Supp., 1979, applies to budgets not to tax levies. Any tax authorized may be levied. The limit arises in the amount that may be spent, i.e. no budget exceeding 7 percent may be adopted. As long as the subdivision remains within a limit the tax may be levied.